# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHARRON HARVILLE; A.C., a minor, by and through her guardian ad litem DAMETRIOUS ARVILLE; and A.P., a minor, by and through his guardian ad litem DAMETRIOUS HARVILLE, <br><br>                    Plaintiffs, <br><br> v. <br><br> 7-ELEVEN, INC., et al., <br><br>                    Defendants. | Case No.: 3:25-cv-01265-TWR-MSB <br><br> **ORDER GRANTING JOINT MOTION TO CONTINUE DEADLINES REGARDING PETITION FOR APPROVAL OF MINORS' COMPROMISE** <br><br> **[ECF No. 13]** |

Before the Court is the parties' joint motion to continue the deadlines related to their forthcoming petition for minors' compromise. ECF No. 13. The parties seek an order from the Court extending the deadlines by approximately 30 days. *Id*.

Parties seeking to continue deadlines must demonstrate good cause. FED. R. CIV. P. 6(b) ("When an act may or must be done within a specified time, the court may, for good cause, extend the time"); Chmb.R. at 2 (stating that any request for continuance requires "[a] showing of good cause for the request"). "Good cause" is a non-rigorous standard that has been construed broadly across procedural and statutory contexts. *Ahanchian v. Xenon*

*Pictures, Inc.*, 624 F.3d 1253, 1259 (9th Cir. 2010). The good cause standard focuses on the diligence of the party seeking to amend the scheduling order and the reasons for seeking modification. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992) ("[T]he focus of the inquiry is upon the moving party's reasons for seeking modification. … If that party was not diligent, the inquiry should end.") (internal citation omitted). Therefore, "a party demonstrates good cause by acting diligently to meet the original deadlines set forth by the court." *Merck v. Swift Transp. Co.*, No. CV-16-01103-PHX-ROS, 2018 WL 4492362, at *2 (D. Ariz. Sept. 19, 2018).

Here, the parties represent to the Court that they "are diligently working to prepare the necessary documents to support the petition, but require additional time to finalize certain details related to the settlement agreement and the structure of the payout for the minor Plaintiffs." ECF No. 13 at 1–2. Thus, the parties request an extension "to allow the parties to finalize these details and submit complete and accurate minor's compromise petitions for the Court's consideration." *Id*. at 2.

The Court appreciates that the parties have been working together diligently. Upon due consideration, the Court finds good cause to **GRANT** the joint motion. As such, the Court orders as follows:

**I.     PETITION FOR APPROVAL OF MINORS' COMPROMISE**

A Petition for Approval of Minors' Compromise ("Petition") shall be filed on or before <u>**September 29, 2025**</u>. The Petition should address:

1. The compromised claims.
2. The terms of the settlement, with a copy of the settlement agreement (with the minors' names redacted) attached as an exhibit to the Petition.
3. The identity of the petitioner, including the petitioner's relationship to the minor plaintiffs and the petitioner's financial stake in the matter, if any.
4. The parties' position(s) as to whether the settlement is fair, reasonable, and in <u>each of the minor plaintiffs'</u> best interests.

5. Any other information the parties believe would assist this Court's review of the proposed compromise.

The Court strongly prefers the Petition be filed as a joint motion by the parties. If this is not possible, the Petition should include a statement from the nonmoving party indicating whether the Petition is opposed and if so, on what basis.

## II.   MOTION FOR APPOINTMENT OF GUARDIAN AD LITEM

There is no indication on the Court's docket that a guardian ad litem has been appointed for A.C. and A.P. in this case. A Motion for Appointment of Guardian Ad Litem, or a copy of the state court order appointing a guardian ad litem, if any, must be filed in conjunction with the Petition.

## III.   CONSENT TO MAGISTRATE JUDGE JURISDICTION

The parties may consent to the jurisdiction of the undersigned magistrate judge for the limited purpose of entering an order approving the entire minors' settlement or compromise. *See* CivLR 17.1(a). If the parties wish to consent to the undersigned magistrate judge for approval of the minors' compromise, they must email the consent form attached to the Court's initial briefing schedule, (ECF No. 12 at 4–5), to the district judge's chambers at efile_robinson@casd.uscourts.gov no later than **September 22, 2025**. The consent form must be executed by the minors A.C. and A.P. by and through their guardian ad litem, counsel for the minors, a client representative for the settling defendant, and counsel for defendant. If the parties decline to consent to magistrate judge jurisdiction, the undersigned will issue a Report and Recommendation regarding the Petition to the district judge, pursuant to 28 U.S.C. § 636(c) and Civil Local Rule 72.1.

**IT IS SO ORDERED**.

Dated: August 26, 2025

_____
Honorable Allison H. Goddard
United States Magistrate Judge