UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHARRON HARVILLE;<br>A.C., a minor, by and through her guardian ad litem DAMETRIOUS HARVILLE; and A.P., a minor, by and through his guardian ad litem DAMETRIOUS HARVILLE,<br>　　　　　　　　　　　　Plaintiffs,<br>v.<br>7-ELEVEN, INC., et al.,<br>　　　　　　　　　　　　Defendants. | Case No.: 3:25-cv-01265-TWR-MSB<br><br>**[REDACTED] REPORT AND RECOMMENDATION FOR ORDER GRANTING PETITIONS FOR APPROVAL OF MINORS' COMPROMISES**<br><br>[ECF Nos. 15, 16] |

　　　　Before the Court are the Petitions for Approval of Minor's Compromise ("Petitions") filed by Plaintiff Sharron Harville and DaMetrious Harville, step-brother and guardian *ad litem* of minor Plaintiffs A.C. and A.P., seeking approval of the compromise of A.C.'s and A.P.'s disputed claims. ECF Nos. 15, 16. This Report and Recommendation is submitted to United States District Judge Todd W. Robinson pursuant to 28 U.S.C. § 636(b)(1) and Local Civil Rule 17.1 of the United States District Court for the Southern District of California. After reviewing the Petition and all supporting documents, and for

the reasons discussed below, the Court **RECOMMENDS** that the District Judge **GRANT** the Petitions.

## I. BACKGROUND

This matter arises from an incident when A.C. and A.P. (collectively, "Minor Claimants"), along with their mother, were called racial slurs by an employee of Defendant 7-Eleven, Inc. ("Defendant"). ECF No. 15 at 2; ECF No. 16 at 2; *see* ECF No. 1-4. On February 12, 2024, Ms. Harville and her two minor children, A.C., who was ten years old at the time, and A.P., who was seven years old, visited a 7-Eleven store. ECF No. 1-4 at 5. Plaintiffs allege that Defendant's employee approached Plaintiffs and falsely accused them "of stealing merchandise and told them to leave the store, targeting them based on race and color." *Id*. Plaintiffs further allege that "Defendant's employee then made extremely racist and offensive remarks." ECF No. 18-1 at 4, 6 ("Ms. Harville and her children were the victims of racially charged verbal abuse by a 7-Eleven employee"); ECF No. 18-3 at 4, 6; *see* ECF No. 1-4 at 5–6 (description of the slurs allegedly used by the employee, including the 'N' word and monkey). Plaintiffs allege that they "suffered significant emotional distress," precipitating this lawsuit. ECF No. 18-1 at 4; ECF No. 18-3 at 4.

Plaintiffs filed the instant lawsuit in the Superior Court of California, Count of San Diego, on February 21, 2025. ECF No. 1-4. Plaintiffs alleged the following causes of action: (1) Unruh Civil Rights Act, CAL. CIV. CODE § 51; (2) discrimination in business dealings, CAL. CIV. CODE § 51.5; (3) negligent hiring and supervision; and (4) negligence. *Id*. Plaintiff Sharron Harville also filed the petitions of DaMetrious Harville to serve as guardian *ad litem* for her minor children, which the Court granted. ECF Nos. 15-3, 16-3. Defendant filed its answer on May 15, 2025. ECF No. 1-7. Defendant thereafter removed the matter to federal court on May 16, 2025. ECF No. 1.

## II. TERMS OF SETTLEMENT

On July 28, 2025, Magistrate Judge Michael S. Berg held an Early Neutral Evaluation Conference ("ENE") in this matter. ECF No. 22. The ENE resulted a settlement with all Plaintiffs for the global sum of ▇▇▇▇▇▇. ECF No. 18-1 at 4; ECF No. 18-3

at 4. Judge Berg and the parties to the settlement determined that it would be fair and appropriate for the Harville family to accept the following amounts to resolve their respective claims:

    1. Sharon Harville - █████████ ;

    2. A.C. (11 years old) - █████████ ; and

    3. A.P. (8 years old) - █████████ ;

*Id.* (totaling █████████ ).

Additionally, Claimants agreed that all litigation costs incurred would be paid exclusively out of Sharron Harville's settlement share. ECF No. 18-1 at 4–5; ECF No. 18-3 at 4–5. Thus, the only proposed deduction from each Minor Claimant's gross settlement recovery is the 25% contingency fee for Minor Claimants' attorney fees. *Id.*; *see also id.* (a 40% contingency fee will be deducted from Sharron Harville's settlement share). Therefore, each minor Claimant will receive net settlement proceeds of █████████ , which they plan to disburse as follows:

    1. A.C. - The █████████ net settlement funds are to be placed in a blocked account set up in her name at an approved financial institution.

    2. A.P. - The █████████ net settlement funds are to be placed in a blocked account set up in his name at an approved financial institution.

Pursuant to the Court's briefing schedule, and after granting the parties' motion for extension, the instant Petitions were filed on September 29, 2025. ECF Nos. 15, 16; *see also* ECF No. 12, 14. Defendant filed a notice of non-opposition on September 20, 2025. ECF No. 20. This report and recommendation follows.

### III. LEGAL STANDARD

It is well-settled that courts have a special duty to safeguard the interests of litigants who are minors in the context of settlements proposed in civil suits. *Robidoux v. Rosengren*, 638 F.3d 1177, 1181 (9th Cir. 2011); *see also* FED. R. CIV. P. 17(c) (district courts "must appoint a guardian *ad litem*—or issue another appropriate order—to protect a minor or incompetent person who is unrepresented in an action."). "In the context of proposed

settlements in suits involving minor plaintiffs, this special duty requires a district court to 'conduct its own inquiry to determine whether the settlement serves the best interests of the minor.'" *Robidoux*, 638 F.3d at 1181 (quoting *Dacanay v. Mendoza*, 573 F.2d 1075, 1080 (9th Cir. 1978)); *see also Salmeron v. United States*, 724 F.2d 1357, 1363 (9th Cir. 1983) (holding that "a court must independently investigate and evaluate any compromise or settlement of a minor's claims to assure itself that the minor's interests are protected, even if the settlement has been recommended or negotiated by the minor's parent or guardian *ad litem*."). To facilitate courts within this district fulfilling the duty to safeguard, Local Rule 17.1(a) provides that "[n]o action by or on behalf of a minor or incompetent will be settled, compromised, voluntarily discontinued, dismissed or terminated without court order or judgment." CivLR 17.1(a). In determining whether to approve a settlement of a minor's claims, the Court must evaluate whether the settlement is in the best interests of the minor, by considering not only the fairness of the settlement, but the structure and manner of the plan for the payment and distribution of the assets for the benefit of the minor in accordance with California Probate Code §§ 3600, *et seq*. *See* CivLR 17.1(b).

A minor's settlement of state law claims must also be approved by the Court. The California Probate Code provides the applicable statutory scheme for approval of a minor's compromise under state law. *See* CAL. PROB. CODE §§ 3601, *et seq*. Under California law, the court must evaluate the reasonableness of the settlement and determine whether the compromise is in the best interest of the minor. *A.M.L.*, 2014 WL 12588992, at *3 (citations omitted). The court is afforded "broad power … to authorize payment from the settlement—to say who and what will be paid from the minor's money—as well as direct certain individuals to pay it." *Goldberg v. Super. Ct.*, 28 Cal. Rptr. 2d 613, 614–15 (Cal. Ct. App. 1994); *see also Peason v. Super. Ct.*, 136 Cal. Rptr. 3d 455, 459 (Cal. Ct. App. 2012) (explaining that the purpose of requiring court approval of a minor's settlement is to "allow[] the guardians of a minor to effectively negotiate a settlement while at the same time protect[ing] the minor's interest by requiring court approval before the settlement can have a binding effect on the minor.").

Here, Plaintiffs alleged solely state law causes of action. ECF No. 1-4. Because the Plaintiffs' claims in this case are governed by California law, the Court will review the settlement with an emphasis on the state standard. The state standard focuses on the "best interests of the minor." However, to ensure that all potentially relevant factors are considered, the Court will also apply the *Robidoux* standard of determining whether the net amount distributed to the minor plaintiffs (without regard to the proportion of the settlement allocated to adult co-plaintiffs or attorney fees) is "fair and reasonable." *See A.M.L. v. Cernaianu*, No. LA-CV-12-6082-JAK-RZx, 2014 WL 12588992, at *3 (C.D. Cal. Apr. 1, 2024) (finding it unnecessary for the court to resolve whether *Robidoux* or state rules applied to approval of minor's compromise in case involving state law tort claims, because the proposed settlement would satisfy both standards).

## IV.  DISCUSSION

During the ENE, with the assistance of Judge Berg, Plaintiffs decided to settle the case with the understanding that if the settlement is approved by the Court, A.C. and A.P. will be forever barred from seeking any further recovery or compensation from Defendant. ECF No. 18-2 at 22–23. The undersigned has been assigned to this matter (ECF No. 11) to fulfill the special duty of the Court to safeguard the interests of the minors in such a situation. To do so, the Court will analyze the proposed settlement, the method of disbursing Minor Claimants' net recovery, and the proposed attorney fees and costs.

### a.  Proposed Net Settlement Amounts for the Minor Claimants

In reviewing a petition to approve a minor's compromise, "courts typically consider such information as the relative worth of the settlement amount, the circumstances of the settlement, counsel's explanation of their views and experiences in litigating these types of actions, and other, similar compromises that have been approved by courts." *J.T. v. Tehachapi Unified Sch. Dist.*, No. 1:16-cv-1492-DAD-JLT, 2019 WL 954783, at *2 (E.D. Cal. Feb. 26, 2019). Taking all relevant considerations into account, the Court finds that the proposed net recovery of ▮▮▮▮▮▮▮ for each Minor Claimant is fair, reasonable, and in Minor Claimants' best interests, considering the facts and circumstances of this action.

1  The proposed settlement allows for certainty of recovery for Minor Claimants, as opposed
2  to the uncertainty associated with a jury verdict. Although Minor Claimants suffered
3  emotional distress, they did not sustain any permanent physical injuries.

4  The Court has performed its own review of cases involving facts similar to those at
5  issue here and finds the Minor Plaintiffs' net recoveries of ▮▮▮▮▮▮ each is fair and
6  reasonable under the circumstances. *See, e.g.*, *Sutton v. Cal. Dep't of Parks*, No. 5:23-cv-
7  02057-BLF, 2025 WL 1745731, at *2–*3 (N.D. Cal. June 24, 2025) (finding fair and
8  reasonable a net settlement amount of $30,000.00 when five-year-old minor was racially
9  discriminated against at a state beach, leading to the minor being wrongly detained by park
10 rangers in response to a false and allegedly racially-motivated report); *LawT v. Eleanor
11 Murray Fallon Middle Sch.*, No. No. 24-cv-00110-TSH, 2025 WL 1616641, at *1–*3
12 (N.D. Cal. June 6, 2025) (finding fair and reasonable a net settlement amount of $74,749.38
13 when twelve-year-old was repeatedly called racial slurs for over seven months, including
14 "the 'N' word" and "monkey," at school); *C.H. v. Brentwood Union Sch. Dist.*, No. 21-cv-
15 00196, 2023 WL 2277124, at *1–*2 (N.D. Cal. Feb. 28, 2023) (finding fair and reasonable
16 a net settlement amount of $40,000.00 when teacher targeted black student based on race
17 and dragged him across a classroom by his hoodie); *J.K. v. Gold Trail Union Sch. Dist.*,
18 No. 2:20-cv-02388-MCE-AC, 2022 WL 3219492, at *1–*2 (E.D. Cal. Jul. 8, 2022)
19 (finding fair and reasonable a net settlement amount of $28,456.50 to minor whose school
20 district failed to protect from racial discrimination at school when he was in eighth grade);
21 *Walden v. Moffett*, No. CV-F-04-6680-LJO-DLB, 2007 U.S. Dist. LEXIS 70507, at *2–*3
22 (E.D. Cal. Sept. 20, 2007) (finding fair and reasonable a net settlement amount of
23 $13,349.00 to minor subjected to various racial and religious discrimination at school from
24 kindergarten to fourth grade), *report and recommendation adopted*, 2007 WL 2859790
25 (E.D. Cal. Sept. 25, 2007).

26 Based on these similar recoveries in similar actions, consideration of the facts,
27 Plaintiffs' claims, the risks associated with trial, and the nature of Minor Plaintiffs' alleged
28 //

emotional injuries, the Court concludes the proposed settlement of ▮▮▮▮▮ to each Minor Plaintiff is fair and reasonable under both California and federal law standards.

### b. Method of Disbursement

Under the California Probate Code, various alternative methods are available for disbursement of the funds of a settlement of a minor. *See* CAL. PROB. CODE §§ 3600 *et. seq.* Here, guardian *ad litem* DaMetrious Harville requests that A.C.'s and A.P.'s net settlements be deposited in insured accounts, subject to withdrawal only upon authorization of the Court (i.e., a "blocked account"). ECF Nos. 15, 16. Specifically, Mr. Harville proposes that the balance of A.C.'s settlement profits will be placed in a blocked account set up in A.C.'s name at an approved financial institution, with disbursements to be made when A.C. turns eighteen years of age; and, likewise, the balance of A.P.'s settlement profits will be placed in a blocked account set up in A.P.'s name at an approved financial institution, with disbursements to be made when A.P. turns eighteen years of age. ECF No. 18-1 at 4; ECF No. 18-3 at 4. This procedure for disposition of the funds—placing them in a financial institution subject to withdrawal only by Court order—is consistent with Section 3611(b) of the California Probate Code, which authorizes the court, if it is in the best interests of the minor, to order the settlement funds to be deposited "in an insured account in a financial institution in this state … subject to withdrawal only upon the authorization of the court[.]" CAL. PROB. CODE § 3611(b). Thus, the terms of the proposed blocked account adequately protect A.C.'s and A.P.'s interests by providing that no withdrawal of A.C.'s or A.P.'s net settlement proceeds may be made from the account absent a court order[1] until each minor reaches the age of majority.

The Court finds that the guardian *ad litem*'s proposed methods of disbursement of each Minor Claimant's net settlement proceeds are fair, reasonable, and within the bounds

---

[1] Plaintiffs note that they may seek a court order to withdraw a portion of the funds for "an emergency relating to the minors' future medical expenses, education, allocation for career goals, or other needs." ECF No. 18-1 at 4; ECF No. 18-3 at 4.

of applicable law. Accordingly, the undersigned will recommend that the Court approve the proposed distribution of each minor's net settlement proceeds set forth in the petition.

### c. Attorney Fees and Costs

Attorney fees and costs are typically controlled by statute, local rule, or local custom. Fees in minors' cases have historically been limited to 25% of the gross recovery. *R.N. v. United States*, No. 3:17-cv-1583-L-BGS, 2019 WL 6724338, at *3 (S.D. Cal. Dec. 11, 2019); *see, e.g.*, *L.P. v. Bella Mente Montessori Acad.*, 3:23-cv-01166-LL-AHG, 2023 WL 4908833, at *5 (S.D. Cal. Aug. 1, 2023) (collecting cases). In California, courts are required to approve the attorney fees to be paid for representation of a minor. *See* CAL. PROB. CODE § 2601; Cal. Rule of Ct. 7.955.[2] In instances where a contingency fee has been proposed, "most courts require a showing of good cause to award more than 25% of any recovery" whereas a greater reward is "rare and justified only when counsel proves that he or she provided extraordinary services." *Schwall v. Meadow Wood Apts.*, No. CIV-S-07-0014-LKK, 2008 WL 552432, at *1–*2 (E.D. Cal. Feb. 27, 2008) (internal quotation marks omitted).

Plaintiffs' counsel seeks ▮▮▮▮▮ in attorney fees from the proceeds of each Minor Plaintiff's settlement. ECF No. 18-1 at 5; ECF No. 18-3 at 4–5. This amount is 25% of each minor's gross settlement amount of ▮▮▮▮▮. No other costs will be deducted from either Minor Plaintiff's settlement proceeds. *Id*. Because the fees meet the historic cap of 25%, the Court finds the fee is presumptively reasonable. The Court also finds that Plaintiffs' proposal that hard costs be deducted only from Plaintiff Sharron Harville's settlement is fair and reasonable and further bolsters a finding that the proposed settlement is in Minor Plaintiffs' best interests. Therefore, the Court finds the request for attorney fees

---

[2] Similarly, San Diego Superior Court Civil Rule 2.4.6.2 states that, regarding a minor's compromise, "the court will determine the amount of costs, expenses, and attorney's fees to be allowed from the proceeds of the settlement. Absent extraordinary circumstances, attorney's fees will not exceed 25% of the gross proceeds of the settlement."

1  in the amount of ▇▇▇▇ from each Minor Plaintiff's settlement amount of ▇▇▇▇
2  is reasonable and does not suggest that the settlement is unfair.

### V.  CONCLUSION

For the reasons discussed above, **IT IS HEREBY RECOMMENDED** that the District Court issue an Order:

(1) adopting this Report and Recommendation;

(2) **GRANTING** the Petition for Approval of Compromise of Minor's Claim as to A.C. (ECF No. 15); and

(3) **GRANTING** the Petition for Approval of Compromise of Minor's Claims as to A.P. (ECF No. 16).

**IT IS ORDERED** that, pursuant to 28 U.S.C. § 636(b)(1)(C), any party to this action may file written objections with the Court and serve a copy on all parties no later than **December 26, 2025**. The document should be captions "Objections to Report and Recommendation." If objections are filed, any reply is due by **January 2, 2026**.

Although the federal statutory scheme provides for a 14-day objections period to a Magistrate Judge's Report and Recommendation, the undersigned notes that the Petition in this case is unopposed. *See* ECF No. 20. Therefore, **if all parties wish to waive the objections period, they should file a joint stipulation to that effect immediately**, to allow the Court to adopt this Report and Recommendation without further delay. However, there shall be no adverse consequences to any party who files objections or otherwise chooses not to waive the objections period.

**IT IS SO ORDERED**.

Dated: December 12, 2025

_Allison H. Goddard_
Honorable Allison H. Goddard
United States Magistrate Judge